**Tray CARTER, Plaintiff,**

v.

**The MAYOR and CITY COUNCIL OF BALTIMORE, et al., Defendants.**

No. H–01–1024.

United States District Court,
D. Maryland.

Sept. 13, 2001.

Francis J. Collins, kahn Smith & Collins, P.A., Baltimore, MD, for Tray Carter.

William R. Phelan, Jr., Baltimore, MD, for Mayor and City Council of Baltimore.

Randolph Stuart Sergent, J. Joseph Curran, Jr., Office of Atty. General, Baltimore, MD, for John W. Anderson, State of Maryland.

Jeffrey Grant Cook, Assist. County Atty., Towson, MD, for Baltimore County.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

In its Memorandum and Order of July 11, 2001, this Court granted plaintiff's motion for leave to amend his complaint. Plaintiff's amended complaint was thereupon accepted for filing, and defendants were directed to timely respond to the amended complaint by motion or otherwise. In that Memorandum and Order, the Court also denied without prejudice defendants' motions to dismiss the original complaint and dismissed as defendants Baltimore County Police Officer 3851, ten unnamed detention center officers of the Baltimore City Detention Center and ten unnamed detention center officers of the Baltimore County Detention Center.

Motions to dismiss the amended complaint have now been filed by the principal

parties. Three motions to dismiss are pending before the Court, one filed by defendant Baltimore County, a second filed by defendants State of Maryland and the Office of the Sheriff of Baltimore City (the "State Defendants") and a third filed by defendant Mayor and City Council of Baltimore ("Baltimore City"). Memoranda and exhibits have been submitted by the parties in support of and in opposition to the pending motions, which have been filed pursuant to Rule 12(b)(6), F.R.Civ.P.[1] In addition to filing an opposition to defendants' three pending motions, plaintiff has also filed a second motion for leave to amend his complaint. Since evidentiary materials have been included with the pleadings, the pending motions to dismiss shall be treated as ones seeking summary judgment and shall be disposed of as provided in Rule 56, F.R.Civ.P.

Following its review of the pleadings, memoranda and exhibits, this Court has concluded that no hearing is necessary for a decision on the pending motions. *See* Local Rule 105.6. For the reasons to be stated herein, all three pending motions to dismiss, treated herein as motions for summary judgment, will be granted, and plaintiff's second motion for leave to amend his complaint will be denied. Plaintiff's claims against the individuals named as defendants in plaintiff's pleadings will be dismissed.

## I

### *The Background Facts And Plaintiff's Claims*

The pertinent facts alleged in the original complaint were set forth in some detail in the Court's Memorandum and Order of July 11, 2001 and will not be repeated here. These facts have been once again alleged in the amended complaint. In addition, plaintiff has included allegations outlining alleged wrongs committed by Officer Mohr of the Baltimore County Police Department.

It is alleged that Officer Mohr received information that Tray Carter's brother, Reginald, had, when arrested in June of 1998, informed the arresting officer that his name was "Tray Carter." According to the amended complaint, Mohr communicated to the Baltimore City State's Attorney's Office, to Central Records and to the Baltimore County Detention Center that Reginald had posed as Tray. However, Mohr failed to so notify the Criminal Justice Information System, the Baltimore City Sheriff or the Baltimore City Detention Center. The petty theft charges for which Reginald had been arrested on June 19, 1998 were scheduled for hearing on September 2, 1998 in the District Court of Maryland for Baltimore County. Reginald was then in the custody of the Maryland Division of Correction and failed to appear for that hearing. When plaintiff Tray Carter did not appear on that date, the trial judge issued a warrant for the arrest of "Tray Carter" for failing to appear to answer the June, 1998 petty theft charges. The warrant was erroneously issued by the judge because Reginald Carter was in fact the person who had been arrested in June of 1998 and because Reginald Carter was already in custody at the time.

The arrest of plaintiff on April 7, 1999 was based on a different warrant which had been issued by the Circuit Court for Baltimore City and which related to a violation of probation charge brought against

---

1. Plaintiff's request that, before responding to the pending motions he be permitted to undertake discovery, will be denied. The material facts have been fully developed by the memoranda and exhibits submitted by the parties, including plaintiff's 40 page opposition to the pending motions.

Reginald.[2] It was that arrest which led to plaintiff's confinement in the Baltimore City Detention Center for some 36 days. The arrest of plaintiff on May 27, 1999 was based on the failure to appear warrant issued by the Baltimore County District Court. It was that arrest which led to plaintiff's confinement in the Baltimore County Detention Center for some six days.

The amended complaint contains eight counts. Count I is brought under 42 U.S.C. § 1983 and alleges a violation of the Fourth and Fourteenth Amendments. Count II asserts that defendants violated Article 26 of the Maryland Declaration of Rights. Count III charges defendants with violating Article 24 of the Maryland Declaration of Rights.

Counts IV–VIII are brought under the common law of the State of Maryland. In Count IV, defendants are charged with negligence, and Count V asserts a claim of false arrest and detention. Count VI alleges constructive fraud, and Count VII alleges a claim of negligent misrepresentation. In Count VIII, plaintiff seeks a recovery for malicious prosecution. As relief, plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages and an injunction.

## II

### Plaintiff's Federal Claims

Only Count I of the amended complaint contains claims brought under federal law. In Count I, plaintiff asserts that all of the named defendants violated 42 U.S.C. § 1983. It is claimed that plaintiff's Fourth Amendment rights were violated when he was arrested on April 7, 1999 and again when he was arrested on May 27, 1999. It is further claimed that plaintiff's Fourteenth Amendment rights were violated when he was unlawfully confined in the Baltimore City Detention Center following his arrest on April 7, 1999 and again when he was unlawfully confined in the Baltimore County Detention Center following his arrest on May 27, 1999.

### (a)

### Claims Against the State Defendants

■ There can be little doubt that plaintiff's claims against the State of Maryland are barred by the Eleventh Amendment to the United States Constitution. Whether a suit seeks damages or injunctive relief, the Eleventh Amendment bars an action brought by an individual against a state. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 149, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

■■ There is no merit to plaintiff's contention that the State of Maryland has waived its sovereign immunity by means of the enactment of the Maryland Tort Claims Act. As the Supreme Court has held, a state's waiver of sovereign immunity in its own courts does not constitute a waiver of immunity from suit in federal court under the Eleventh Amendment. *Kennecott Copper Corporation v. State Tax Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md.Code Ann. § 12–202(a) (1995 Repl.Vol.), it has not waived its Eleventh Amendment immunity to suit in federal court.[3]

---

**2.** As alleged in the amended complaint, Reginald had already been served with the Baltimore City warrant and had been taken into custody by the Sheriff on July 16, 1998.

**3.** In seeking to amend his complaint for a

█ Plaintiff's claims against the Office of the Sheriff of Baltimore City must likewise fail. Neither the Sheriff nor any of his deputies participated in the arrests of plaintiff which later led to his detention. The Sheriff therefore did not violate plaintiff's Fourth Amendment rights.

█ Nor under the facts here is plaintiff entitled to a recovery against the Sheriff because he violated plaintiff's due process rights under the Fourteenth Amendment. It is claimed by plaintiff that the Sheriff failed to update records relating to Reginald Carter and his brother Tray Carter with the result that plaintiff was improperly confined in the Baltimore City Detention Center. Such allegations amount to no more than a claim that the Sheriff was negligent. It is well established that a claim of negligence cannot be asserted under § 1983. As the Supreme Court held in *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to liberty.

The facts in *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) are remarkably similar to those involved in this case. In *McCollan*, one brother was mistakenly held in confinement for eight days in the belief that he was the other brother. Claiming that this detention in jail had deprived him of liberty without due process of law, Linnie McCollan, who had been erroneously booked as his brother Leonard McCollan, filed suit in federal court under § 1983 against the County Sheriff. Linnie had been stopped for running a red light and was taken into custody under a warrant for his arrest in spite of his protests of mistaken identification. *Id.*

at 141, 99 S.Ct. 2689. When the error was later recognized, Linnie was released some eight days later. *Id.*

█ The Supreme Court held that the wrongful detention of plaintiff Linnie did not amount to a deprivation of his liberty without due process of law. *Id.* at 142–145, 99 S.Ct. 2689. The Court acknowledged that plaintiff's wrongful confinement might be relevant to a tort claim of false imprisonment, but concluded that plaintiff's arrest under a facially valid warrant and his later detention did not constitute grounds for a recovery under § 1983. As the Court stated: "The Constitution does not guarantee that only the guilty will be arrested." *Id.* at 145, 99 S.Ct. 2689. It further observed that a sheriff executing an arrest warrant is not required by the Constitution "to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Id.* at 146, 99 S.Ct. 2689. The Court also stated that the official charged with maintaining custody of an accused named in a warrant is not required by the Constitution "to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." *Id.* See also *Wadhams v. Procunier*, 772 F.2d 75, 77 (4th Cir.1985).

In the complaint filed in this case, it is alleged that other officials and agencies were aware that Reginald had posed as Tray and that an erroneous warrant had been issued in Tray's name. According to the complaint, Baltimore County Officer Mohr communicated to the Baltimore City State's Attorney's Office and to its Central Records that Reginald had posed as Tray.

second time, plaintiff has conceded that the State of Maryland is not subject to suit in this

case under § 1983.

Since the Baltimore City State's Attorney's office was the agency charged with the responsibility for prosecuting Tray Carter under the warrant which had been issued, it was that agency which should have investigated the matter and advised the Court that the wrong person was being held and detained under an erroneous warrant which had been issued. According to the complaint, the Baltimore City State's Attorney's Office had in fact been told that Reginald had posed as Tray and that Tray had therefore been erroneously named in the warrant. Under the circumstances, the Sheriff of Baltimore City was hardly the person who should be held responsible for the wrongful detention of plaintiff and for the fact that he was not afforded a speedy trial.

 Each of the two arrests of plaintiff was based on a facially valid warrant issued by a judicial officer. The police officers who made the arrests cannot under the circumstances here be held to have violated plaintiff's rights under § 1983. Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police officer Smith had the right to stop plaintiff briefly on April 7, 1999 and ask his name, and police officer Kirk had the right to ask plaintiff to identify himself on May 27, 1999 while he was in a vehicle which had been properly stopped. *Id.* at 19, n. 16, 88 S.Ct. 1868. An illegal seizure does not occur "simply because a police officer approaches an individual and asks a few questions." *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Certainly, when arrested and detained, plaintiff should have been promptly taken before a judicial officer. It is quite apparent that the wrongful delay in question was a failure of the judicial system in both Baltimore City and Baltimore County. Whether this failure was the fault of a prosecutor, of defense counsel or of a judge (none of whom have been sued in this case) need not be determined here. However, the Court concludes that none of the defendants named in the amended complaint can be held liable under § 1983 for plaintiff's wrongful detention in the Baltimore City Detention Center for 36 days and in the Baltimore County Detention Center for 6 days. As the Supreme Court noted in *McCollan*, the Constitution does not guarantee that only the guilty will be arrested. 443 U.S. at 145, 99 S.Ct. 2689. The Supreme Court further noted in *McCollan* that the ultimate determination of the question whether a defendant like Tray Carter had been erroneously arrested "is placed in the hands of the judge and the jury."

In *Miller v. Board of County Cm'rs*, 46 F.Supp.2d 1210, 1217 (N.D.Okla.1999), the Court relied on *McCollan* in holding in a § 1983 case that the police officers who arrested the plaintiff were not required to ensure that the plaintiff was actually the guilty party. Since the police officers had acted under a valid warrant issued by a judge, the Court held that the determination whether the warrant had been erroneously issued "had to be made by the judge." *Id.* at 1217.

For these reasons, plaintiff is not entitled to assert claims under § 1983 against either the State of Maryland or the Office of the Sheriff of Baltimore City.[4] Nor on the record here may plaintiff sue the police

---

4. There is no merit to plaintiff's contention that he is entitled under § 1983 to injunctive relief against the Sheriff. Plaintiff has not shown on this record that, as claimed by him, grounds now exist for the Court to require the Sheriff to change and annotate State criminal justice records to reflect that Tray Carter is not the same person as Reginald Carter in order to assure that plaintiff will not be subjected to further infringements of his constitutional rights.

officers and detention officers named as defendants. The federal claims asserted under § 1983 against these parties in Count I of the amended complaint will therefore be dismissed.

### (b)

#### Claims Against Baltimore County

 Defendant Baltimore County has first been charged by plaintiff in Count I of the amended complaint with violating under § 1983 plaintiff's Fourth Amendment rights when a Baltimore County police officer arrested plaintiff on May 27, 1999. But the facts as alleged and as developed by exhibits submitted indicate that no Fourth Amendment violation occurred when plaintiff was arrested on that date. Probable cause existed for the arrest in question. *See Smith v. Reddy,* 101 F.3d 351, 356 (4th Cir.1996).

On May 27, 1999, plaintiff was a passenger in a vehicle which was traveling on Pulaski Highway in Baltimore County. That vehicle was stopped by County police officer Brian Kirk because it failed to have lights displaying the vehicle's license plate. When the identities of those in the vehicle were determined by the police officer, he learned that plaintiff was the subject of an outstanding arrest warrant. Plaintiff was accordingly arrested. There was no reason for Officer Kirk to know that the warrant had been erroneously issued because plaintiff's brother Reginald had identified himself at the time of his earlier arrest as being "Tray Carter." Probable cause clearly existed at the time for the arrest of plaintiff.

 Nor did Baltimore County violate plaintiff's due process rights when, following plaintiff's arrest on May 27, 1999, he was confined in the Baltimore County Detention Center for some six days. According to the amended complaint, police officer Mohr had notified the Baltimore County Detention Center that Reginald had posed as Tray. That the judge responsible for plaintiff's detention had not been advised of the pertinent facts can only be attributed to a variety of causative factors, including the negligence of county officials responsible for maintaining accurate records. As this Court has concluded hereinabove, a claim of negligence cannot be brought under § 1983. No constitutional "deprivation" occurs on account of official negligence, and negligent conduct cannot therefore establish the "affirmative abuse of power" necessary to constitute a due process deprivation. *Daniels v. Williams,* 474 U.S. 327, 330–33, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Jean v. Collins,* 221 F.3d 656, 660 (4th Cir.2000).

For these reasons, plaintiff is not entitled to seek a recovery against Baltimore County under § 1983. Claims asserted against the County in Count I of the amended complaint will therefore be dismissed.

### (c)

#### Claims Against Baltimore City

In Count I of the amended complaint, plaintiff seeks a recovery from Baltimore City under § 1983 because of his alleged illegal arrest on April 7, 1999 and his alleged illegal confinement in the Baltimore City Detention Center following that arrest. On the record here, this Court concludes that plaintiff's § 1983 claims against Baltimore City must also fail.

 It is well established that Baltimore City cannot be regarded as the employer of members of the Baltimore City Police Department. *Clea v. City of Baltimore,* 312 Md. 662, 668, 541 A.2d 1303 (1988). By Chapter 367 of the Acts of 1867, the General Assembly of Maryland made the Police Department of Baltimore City a state agency. *Id.* Thus, as a matter of Maryland law, no liability attaches to

Baltimore City under the doctrine of *respondeat superior* for illegal acts of Baltimore City police officers acting within the scope of their employment. *Id.; see also Hector v. Weglein*, 558 F.Supp. 194, 197–99 (D.Md.1982). Accordingly, if a City police officer arrested plaintiff on April 7, 1999 without probable cause, Baltimore City cannot be held responsible for that unconstitutional act.

■ Similarly, Baltimore City cannot be held liable for any alleged action or inaction which was later taken or omitted by employees of the Baltimore City Detention Center and which resulted in plaintiff's wrongful confinement for some 36 days. The Baltimore City Detention Center is operated by the State of Maryland and is staffed by persons employed by the state. Wrongful acts undertaken by detention center employees or officials therefore cannot be attributed to the City of Baltimore.

Accordingly, plaintiff's federal claims against the City of Baltimore must likewise fail. Claims asserted by plaintiff in Count I of the amended complaint against Baltimore City under § 1983 must therefore be dismissed.

### (d)

### *Plaintiff's Monell Claims*

■ In opposing defendants' motions to dismiss, plaintiff contends that the Sheriff, Baltimore City and Baltimore County are liable to him under *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). According to plaintiff, these three defendants have implemented policies which resulted in the deprivation of plaintiff's constitutional rights. Plaintiff alleges that Baltimore City has a policy of not complying with booking procedures, that Baltimore City and Baltimore County have a policy or custom of not checking the fingerprints of arrested

persons against the fingerprints of the accused, and that Baltimore County has a policy or custom of notifying only Central Records and the State's Attorney in the case of a misidentification.

■ A municipality like Baltimore City or Baltimore County may not be held vicariously liable under § 1983 for the constitutional violation of an employee merely because of the existence of that employment relationship. *Id.* at 692–94. The common law doctrine of *respondeat superior* has no application in actions brought under § 1983. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir.1987). However, municipal liability may result when execution of a government's policy or custom by those whose acts may fairly be said to represent official policy "inflicts the injury." *Id.* at 694, 98 S.Ct. 2018. In a case like this one, liability may be imposed on the municipality only if the continued existence of the custom or usage can be laid to the fault of municipal policymakers and "a sufficient causal connection between the 'municipal custom and usage' and the specific violation can then be established." *Spell*, 824 F.2d at 1390. Such a governmental custom or usage can be said to exist only in the face of "persistent" and "widespread" practices which although not authorized by written law, "could well be so permanent and well settled as to have the force of law." *Monell*, 436 U.S. at 691, 98 S.Ct. 2018.

On the record here, this Court concludes that plaintiff's *Monell* claims must fail. Plaintiff has not shown in the complaint or by way of the record here that, as required by *Monell*, there was a policy or custom of the Sheriff, of the County or of the City which led to the deprivation of his constitutional rights. Plaintiff has neither alleged nor shown that the policy or custom relied upon was "conscious" and the result of a "deliberate choice" to follow a particular

"course of action." *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483–484, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). As required by *Monell,* 436 U.S. at 691, 98 S.Ct. 2018, there has been no showing that a persistent and widespread municipal practice existed which resulted in the erroneous arrest and detention of the plaintiff.

■ Moreover, there has been no showing by the plaintiff here of a sufficient causal connection between the alleged custom and usage and the claimed violation of his constitutional rights. No direct causal link has been shown to have existed between the alleged municipal policy or custom and the constitutional deprivation. *Jones v. Ziegler,* 894 F.Supp. 880, 894 (D.Md.1995). The injury sustained by plaintiff was not inflicted as a result of the execution of a municipality's policy or custom. Rather, plaintiff was improperly detained because of the failure of the criminal justice system in both Baltimore County and Baltimore City to afford him a prompt hearing at which he could have presented to a judge facts entitling him to his immediate release.

For these reasons, plaintiff's *Monell* claims must fail.

### (e)

### *Claims Against Individual Defendants*

■ A number of defendants named in the amended complaint and in the proposed second amended complaint have not as yet been served with process. The individual defendants named in plaintiff's pleadings include Baltimore County Police Officers Mohr, K.L. Smith and Brian Kirk and also Baltimore City Police Officers L. Smith and Henderson.

It is not necessary in this case for the Court to determine whether plaintiff's claims against one or more of these individuals should be dismissed pursuant to Rule 4(m), F.R.Civ.P. because one or more of them have not as yet been timely served. As discussed herein, plaintiff has not alleged justiciable claims against any of the officers who arrested or detained him. Whether or not any one or more of these named defendants have been timely served, plaintiff's claims against each of these individuals will be dismissed pursuant to Rule 8 for failure of plaintiff to state a proper claim for relief against each of them.

### III

### *Plaintiff's State Law Claims*

■ There remain plaintiff's pendent state law claims asserted in Counts II–VIII of the amended complaint. Pendent jurisdiction is a doctrine of discretion and not one of plaintiff's right. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the Supreme Court has expressly cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal law claims are dismissed before trial ... the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. 1130. The principles of *Gibbs* have been codified under the name "supplemental jurisdiction." 28 U.S.C. § 1367.

Here, the only federal claims asserted against defendants in plaintiff's pleadings are being dismissed. A court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). A majority of the courts which have considered the question have

declined to exercise pendent jurisdiction over state claims when the federal claims have been disposed of prior to a full trial on the merits. *See Hector*, 558 F.Supp. at 204–205. Outlining the relevant factors to be considered in determining the appropriateness of a court's exercise of its discretion to decide pendent state claims, Judge Friendly in *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (2d Cir.1974) said the following:

> If it appears that the federal claims ... could be disposed of on a motion for summary judgment under F.R.Civ.P. 56, the court should refrain from exercising pendent jurisdiction absent exceptional circumstances.

*Id.* at 1180.

Since all of plaintiff's federal claims have been dismissed under Rule 56 or under Rule 8 and since there are no exceptional circumstances here, this Court will not exercise pendent jurisdiction in this case over Counts II–VIII. Accordingly, plaintiff's state law claims will be dismissed, without prejudice to plaintiff's right to assert these claims in a state court.

## IV

### *Conclusion*

For all the reasons stated, defendants' motions to dismiss, treated herein as motions for summary judgment, will be granted. The amended complaint will be dismissed as to all defendants, including the police officers and correctional officers who have here been sued. Plaintiff's second motion for leave to amend his complaint will be denied. The claims asserted in the proposed second amended complaint are essentially the same as those contained in the amended complaint, and plaintiff's motion to amend will be denied on the ground of futility. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

An appropriate Order will be entered by the Court.